**Martin D. KEELY, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 85–515.**

United States Court of Appeals, Federal Circuit.

April 30, 1985.

---

Mary L. Jennings, Associate Gen. Counsel, Washington, D.C., for Litigation.

Before DAVIS, MILLER and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

Petitioner Martin D. Keely seeks review of the final decision (Docket No. PH03518210503ADD) of the Merit Systems Protection Board (Board) denying him attorney fees for litigation before the Board. 22 M.S.P.R. 653. We reverse the decision of the Board and remand for a determination on the amount of the award.

## BACKGROUND

This case arose from a challenge by Keely to his separation by reduction-in-force (RIF) procedures from his position with the Department of Health and Human Services (agency). In April 1982, the agency notified him that he had been reached for release. He then requested assignment as Employee Counselling Services Administrator GS–13, asserting that 5 C.F.R. § 351 entitled him to displace the career conditional employee who occupied that position. The agency refused to offer him that position.

He appealed and the Board's presiding official found that the agency erred in refusing him the assignment. The agency based its refusal on its determination that Keely did not meet the requirements of a special selective factor. The presiding official found that this selective factor was not approved by the Office of Personnel Management (OPM) and thus represented an agency imposed addition to OPM requirements in contravention of 5 C.F.R. § 351.-701. Therefore, the presiding official directed the agency to cancel Keely's separation action.

The agency filed a petition for review with the full Board based on documents allegedly tending to show that the selective factor was indeed OPM approved. The agency contended that these documents constituted new and material evidence under 5 C.F.R. § 1201.115(a), which permits

Timothy A. Gallogly, Jon C. Sirlin & Associates, P.C., Philadelphia, Pa., argued for petitioner.

Lawrence Shearer, Merit Systems Protection Bd., Washington, D.C., argued for respondent. With him on the brief were Evangeline W. Swift, Gen. Counsel, and

the full Board to grant a petition for review on the basis of "new and material evidence ... that, despite due diligence, was not available when the record was closed."

The Board, however, observing that the documents had been in the agency's possession almost three years before the hearing, denied the petition on the basis of *Powell v. Department of the Interior*, 3 MSPB 35, 2 M.S.P.R. 512 (1980). In that case the Board held that documents prepared and retained by an agency as part of its records kept in the normal course of operations could not qualify as a basis for review under 5 C.F.R. § 1201.115(a), since those documents were available before and during the hearing and the agency had knowledge of the existence of the documents. *Powell*, 5 MSPB at 37–38, 2 M.S.P.R. at ———— ——. Thus, in Keely's case, the Board stated that the agency's contention "lacks merit." *Keely v. Department of Health and Human Services*, 19 M.S.P.R. 157, at p. 160 (1984).

Keely then filed a motion for attorney fees under 5 U.S.C. § 7701(g)(1) asserting that such fees were warranted in the interest of justice because the agency knew or should have known that it would not prevail on the merits when it initiated the action and when it appealed the adverse decision. The presiding official denied the motion. Dwelling on the "close factual question" of Keely's substantive entitlement to the position, the presiding official found that the agency's initial determination of non-entitlement was a narrow but tenable determination under the circumstances. With regard to Keely's further assertion that the agency's petition for review was frivolous, the presiding official merely observed that there was no such finding in the full Board's decision. Keely then filed a petition for review with the full Board which denied the petition.

On appeal to this court, Keely again asserts that he is entitled to an award of attorney fees because the agency knew or should have known that it would not prevail on the merits of its personnel action when it initiated that action and because

the agency knew or should have known that its petition for review to the full Board lacked merit.

## OPINION

 Since there is no dispute that Keely, who succeeded in cancelling the separation action, is the prevailing party, the sole issue in this case is whether an award of attorney fees was "warranted in the interest of justice." 5 U.S.C. § 7701(g)(1). It is well settled that "the board is given great discretion under section 7701(g)(1) in awarding attorney's fees and consequently this court will accord the board's determination great deference." *Sterner v. Department of the Army*, 711 F.2d 1563, 1568 (Fed.Cir.1983). Nevertheless, under 5 U.S.C. § 7703(c) this court is to set aside any Board action found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Phillips v. United States Postal Service*, 695 F.2d 1389, 1390 (Fed.Cir.1982).

To provide guidance in deciding whether an award is warranted in the interest of justice, the Board developed a set of five broad categories as directional markers. *Allen v. United States Postal Service*, 2 MSPB 582, 592–93, 2 M.S.P.R. 420, ———— —— (1980). This court has upheld the *Allen* categories, noting that they are guidelines and that the examples given were not exhaustive. *Sterner*, 711 F.2d at 1569–70.

The presiding official decided that an award was not warranted in the interest of justice because Keely had not demonstrated that the agency knew or should have known, at the outset, that it would not prevail on the merits. However, the presiding official's analysis should not have stopped there.

 The determination of whether an award is warranted in the interest of justice is not limited to an examination of an agency's initial action. The "warranted in the interest of justice" standard of section 7701(g)(1) is broader, *Sterner*, 711 F.2d at 1570 & n. 30, than a "bad faith" standard such as that employed by courts in the exercise of their "inherent power." *Road-*

*way Express, Inc. v. Piper,* 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). Yet even under the more restrictive bad faith standard "the award of attorney's fees is not restricted to cases where the action is filed in bad faith. ' "[B]ad faith" may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation.' " *Id.* (quoting *Hall v. Cole,* 412 U.S. 1, 15, 93 S.Ct. 1943, 1951, 36 L.Ed.2d 702 (1973)). Thus, the interest of justice standard encompasses circumstances that extend beyond an agency's initial filing action.

Moreover, such a standard should encompass separate facets of the agency's action. In granting attorney fees under the Equal Access to Justice Act for the liability phase but not the damages phase of litigation, this court reasoned that

> because the [Act's] primary purpose is to eliminate legal expense as a barrier to challenges of unreasonable governmental action, it is proper for us to assess attorney's fees and costs against the government for a separate phase or portion of the litigation in which its position lacks substantial justification—even though the government may have adopted wholly reasonable positions in other facets of the case.

*Ellis v. United States,* 711 F.2d 1571, 1576 (Fed.Cir.1983); *cf. Devine v. Sutermeister,* 733 F.2d 892 (Fed.Cir.1984). Since this court has held that section 7701(g)(1) has a similar purpose, the "general goal of removing impediments to the litigation of a meritorious claim," *Sterner,* 711 F.2d at 1570, there ought to be a similar result. Therefore, we hold that, notwithstanding the merits of the agency's initial action, under the section 7701(g)(1) "interest of justice" standard an award of attorney fees is proper where the agency brings an appeal that is clearly without merit. *Cf. Yorkshire v. Merit Systems Protection Board,* 746 F.2d 1454, 1457 (Fed.Cir.1984) ("the question of an agency's original fault need never arise" when dealing with the issue of substantial innocence (*Allen's* category 2)).

■ Thus evaluated, the Board's decision is not in accordance with law. The agency brought an appeal based on contentions which, as the full Board described them, "lack[ ] merit." The legal issue raised by the agency's new evidence contentions had been resolved by the Board years earlier in *Powell v. Department of the Interior,* 3 MSPB 35, 2 M.S.P.R. 512 (1980), and the agency presented no reasonable basis for attempting to relitigate that issue. The agency did not request the Board to overrule *Powell,* nor did the agency distinguish *Powell.* Indeed, in its petition to the full Board, the agency failed to cite *Powell* at all. Even aside from that case, under the established precedent of this court's predecessor it would have been error for the Board to have considered the agency's "new" evidence. *Rasmussen v. United States,* 543 F.2d 134, 139, 211 Ct.Cl. 260 (1976) (error for board to accept new evidence on appeal when agency could and should have presented it at the hearing).

Under these circumstances the agency's appeal was clearly without merit and imposed on the petitioner an unnecessary and unjustified burden. Accordingly, we hold that the interest of justice warrants an award of attorney fees from the date the agency filed its petition for review. On remand the Board will resolve any dispute as to the amount of fees to be awarded.

REVERSED AND REMANDED.