Martin D. KEELY, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

Appeal No. 85–515 On Application for Attorney Fees.

United States Court of Appeals, Federal Circuit.

June 11, 1986.

Timothy A. Gallogly, Jon C. Sirlin & Associates, P.C., Philadelphia, Pa., represented petitioner.

Anita Marshall, Evangeline W. Swift, General Counsel and Mary L. Jennings, Associate General Counsel for Litigation, Merit Systems Protection Agency, Washington, D.C., represented respondent.

Before DAVIS, Circuit Judge, MILLER, Senior Circuit Judge, and BISSELL, Circuit Judge.

## ORDER

BISSELL, Circuit Judge.

This court has previously addressed the issue of Keely's entitlement to attorney fees for litigation before the Merit Systems Protection Board (Board). *Keely v. Merit Systems Protection Board,* 760 F.2d 246 (Fed.Cir.1985). Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, petitioner Keely has now applied for an award of attorney fees and expenses for services performed in connection with the appeal to this court. By an unpublished order dated March 10, 1986, the respondent Board was directed to file its response on the amount of fees and expenses. In its response, the Board offered two major arguments: (1) attorney fees must be denied because the government's position in this litigation was substantially justified; and (2) if entitle-

ment does exist, the requested award must be significantly reduced because of the limited extent of victory and because the requested amount is excessive.

## I

In support of its substantial justification argument, the Board urges the court to evaluate the Board's position * as the position of the United States. In our view, that would be insufficient. The Board's general counsel represented the respondent on the appeal to this court and represents the respondent on this application. If by the "Board's position" the respondent means solely the litigating position of the general counsel, the respondent is urging a proposition contrary to *Gavette v. Office of Personnel Management*, 785 F.2d 1568 (Fed.Cir.1986) (in banc), because "it is now clear that the position of the United States includes the position taken by the agency at the administrative level." *Id.* at 1578–79. On the other hand, if by the "Board's position" the respondent means to include its own "position" at the administrative level, that is, its decision on Keely's application for fees at the administrative level, the respondent is urging a proposition with no support in the law. There is no warrant for our regarding the decision of the lower tribunal as the position of the United States for purposes of the EAJA. *See Tyler Business Systems, Inc. v. N.L.R.B.*, 695 F.2d 73, 76 (4th Cir. 1982) (for purposes of the EAJA, "[o]nly the reasonableness of the [litigator's] position is under consideration here and not the position of the Board as adjudicator."). Accordingly, we will not restrict our evaluation of the position of the United States to an evaluation of the Board's position.

In this court's earlier decision we examined the agency's actions at the administrative level and held that Keely was entitled to attorney fees pursuant to the Back Pay Act because he was the prevailing party and an award would be in the interest of justice. *Keely v. Merit Systems Protection Board*, 760 F.2d 246 (Fed.Cir. 1985). Since this court has stated that the in-the-interest-of-justice standard is "a more difficult standard," *Gavette*, 785 F.2d at 1576, we are compelled to conclude that the respondent has failed to show that the government "was *clearly* reasonable in asserting its position, including its position at the agency level." *Id.* at 1579 (emphasis in original); *see Beardmore v. Department of Agriculture*, 788 F.2d 1537, 1538–39 (Fed.Cir.1986) (order). Therefore, Keely is entitled to an award of attorney fees and expenses for services performed in connection with the appeal to this court, "including fees and expenses for preparing the application under the EAJA." *Gavette*, 785 F.2d at 1580.

## II

The Board argues that even if Keely is entitled to an award of some amount, the award must be significantly reduced from the requested amount. We first address the Board's argument regarding the extent of victory, or results obtained, and then its argument regarding the number of hours expended.

### A

On the underlying merits, the agency's removal action, Keely obtained complete relief before the Board, but succeeded in obtaining an award for attorney fees for that litigation only upon appeal to this court. In this application, the Board urges us to disregard the litigation on the underlying merits, and address solely the subsequent litigation for fees and to address that fee litigation argument by argument. The Board contends that Keely prevailed on only one of three separate arguments advanced in his brief to show why the Board's decision denying his fee motion

---

* The Board is the named respondent apparently because of *Hopkins v. Merit Systems Protection Board*, 725 F.2d 1368, 1371–72 (Fed.Cir.1984), and *Peterson v. Department of Energy*, 737 F.2d 1021 (Fed.Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 960, 83 L.Ed.2d 966 (1985). The situation in this case may illustrate another reason to reevaluate the *Hopkins-Peterson* rule. *See Van-Fossen v. Merit Systems Protection Board*, 788 F.2d 748, 751 n. 8 (Fed.Cir.1986).

should have been reversed. And it is the Board's view that each of those arguments is a distinct claim. Therefore, the Board argues, "it is only this last claim for which fees should be awarded."

We do not agree. First, as the Supreme Court has observed, "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). Second, we are disturbed by the Board's attempt, in analyzing the results obtained, to restrict our focus to the fee dispute. The Supreme Court has cautioned that "[a] request for attorney's fees should not result in a second major litigation." *Id.* at 437, 103 S.Ct. at 1941. In our view, adopting the Board's approach to the results obtained would encourage such a second major litigation.

In considering a request for attorney fees under the EAJA, this court has observed that "whether a court should individually evaluate each motion or issue in a case is essentially a matter of judgment for the court, as this decision is closely tied to the unique facts of each case." *Devine v. Sutermeister*, 733 F.2d 892, 896 (Fed.Cir. 1984). It is our judgment that the extent of Keely's success was not so limited as to warrant a reduction in fees. *Cf. Hensley v. Eckerhart*, 461 U.S. at 435–36 n. 11, 103 S.Ct. at 1940–41 n. 11 (rejecting a mathematical approach comparing total number of issues in case with those actually prevailed upon).

### B

 The Board also asserts that the requested amount is excessive. In his fee application, Keely claims 106.3 hours in fees and $146.77 in expenses. It appears that the Board only disputes the approximately 76 hours of work on the brief for the appeal before this court. The Board argues that this is excessive because the content of the brief is essentially repetitive of the content of briefs filed in earlier stages of this litigation.

We are not persuaded. The 76 hours claimed are not per se unreasonable, *see Devine v. Sutermeister*, 733 F.2d at 900 n. 9 (rejecting unsupported contention that 99.5 hours is per se excessive for work relating to principal and supplemental briefs and preparation for oral argument), and the Board has failed to tell us how much time it spent working on the appeal. We have reviewed the affidavit in Keely's application and we regard the amount requested adequately documented and reasonably expended.

### CONCLUSION

Accordingly, we grant the application. Although the rate normally charged by Mr. Gallogly appears to be $110 per hour, the EAJA limits the rate to $75 per hour. Mr. Dienna's claimed rate is $65 per hour. Thus, Keely is entitled to 42.1 hours at $75 per hour and 64.2 hours at $65 per hour, for a total of $7,330.50 in fees. He is also entitled to $146.77 in expenses.

IT IS THEREFORE ORDERED that petitioner is entitled to recover the sum of $7,477.27.