Gerald L. NAEKEL, Petitioner,

v.

**DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION, Respondent.**

No. 87–3274.

United States Court of Appeals,
Federal Circuit.

Sept. 12, 1989.

Victoria Marie Bunsen, Hayes & Phillips, P.C., of Denver, Colo., argued for petitioner. With her on the brief was Paul Godec.

Hillary A. Stern, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued for respondent. With her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director. Also on the brief was Mary Jones, F.A.A., Washington, D.C., of counsel.

Before SMITH, Senior Circuit Judge, NEWMAN and BISSELL, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

### ORDER

On behalf of Gerald L. Naekel a request for attorney fees and expenses has been filed in accordance with 28 U.S.C. § 2412(d) (1982 & Supp. V 1987), in the amount of $10,462.45 plus $888.95 incurred in connection with this request, recalculated at a rate not exceeding the statutory maximum of $75 per hour *. *See Pierce v. Underwood*, — U.S. —, 108 S.Ct. 2541, 2554, 101 L.Ed.2d 490 (1988). The government argues that its position was substantially justified, and opposes the fee request. Quantum and rate are not otherwise challenged.

In the underlying action, *Naekel v. Department of Transportation*, 850 F.2d 682 (Fed.Cir.1988), Mr. Naekel prevailed on four issues of the appeal, and did not prevail on two issues. He established entitlement to back pay for the 20–month period of his interim employment with the Army Reserve; this issue was conceded by the government, but only after it was appealed

by Mr. Naekel. He also prevailed on the issues of entitlement to set off his job search and relocation expenses against his interim employment income; entitlement to back pay for the time needed to obtain release from his military position and move to his site of reinstatement; and entitlement to interest on back pay. He did not prevail on the issues of the grade progression at which his back pay would be calculated and the formula for overtime calculation.

It is not necessary to succeed on every issue to meet the criterion of "prevailing party" as contemplated by the EAJA. H.R.Rep. No. 1418, 96th Cong., 2d Sess 11, *reprinted in* 1980 U.S.Code Cong. & Ad. News 4953, 4984, 4990; *Austin v. Department of Commerce*, 742 F.2d 1417, 1419–20 (Fed.Cir.1984). We conclude that Mr. Naekel prevailed in the main, achieving more than "partial or limited success", although he did not receive all the relief he requested. *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983).

The government has not shown that its position was "substantially justified". *See Pierce v. Underwood*, — U.S. —, 108 S.Ct. 2541, 2554, 101 L.Ed.2d 490 (1988) ("substantially justified" means " 'justified in substance or in the main' "); *Brewer v. American Battle Monuments Commission*, 814 F.2d 1564, 1569 (Fed.Cir.1987) (burden of proving substantial justification is on the United States); *Broad Avenue Laundry & Tailoring v. United States*, 693 F.2d 1387, 1392 (Fed.Cir.1982). Although the government reargues the merits, a "request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941.

We do not consider this an appropriate case for fractional division of the attorney fee award. Division based on a mathematical count of issues was expressly disapproved in *Id.* at 435 n. 11, 103 S.Ct. at 1940 n. 11. We do not adopt the government's count of pages of argument as demonstrating the "significance" of certain is-

* Mr. Naekel's attorney billed and was paid at a substantially higher rate.

sues; on that basis the issues on which Mr. Naekel's position was strongest and the government's weakest (such as the issue conceded by the government on appeal) could receive disproportionately low recompense, and otherwise distort the effort actually expended. No fair basis or justification for allocation has been demonstrated.

Accordingly, IT IS ORDERED THAT:

Attorney fees are awarded in the sum of $10,462.45 and $888.95. Payment shall be made within 20 days after this date.