989 F.2d 1203
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Morris GOLLIS, Petitioner,
v.
DEPARTMENT Of the NAVY, Respondent.
 No. 92-3451.
 United States Court of Appeals, Federal Circuit.
 Feb. 16, 1993.
 
 Before LOURIE, CLEVENGER and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Morris Gollis appeals the Merit Systems Protection Board's denial of attorney fees pursuant to 5 U.S.C. § 7701(g)(1) (1988). Because the Navy's position was clearly without merit in light of unrebutted medical evidence of Mr. Gollis's physical condition, this court reverses.
 
 OPINION
 
 2
 This court sustains a Board decision unless: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 3
 Due to a medical disability, the Department of Navy removed Mr. Gollis from his position as Machinist at the Philadelphia Naval Yard in September 1990. Mr. Gollis appealed to the MSPB. Before a hearing on his appeal, Mr. Gollis submitted to the administrative judge (AJ) a letter from his physician, Dr. Tourtellotte. Dr. Tourtellotte stated that Mr. Gollis's condition had improved sufficiently to allow him to return to work on a full-time basis. The Navy did not contest this evidence during the hearing. Based on this medical evidence, the Board's Initial Decision ordered Mr. Gollis reinstated to his position. After the close of the evidentiary record, the Navy attacked Dr. Tourtellotte's evidence on appeal to the full Board. The Initial Decision became final when the full Board denied review in June 1991.
 
 
 4
 Mr. Gollis filed a motion seeking attorney fees incurred after October 9, 1990, the date the Navy received Dr. Tourtellotte's letter. Mr. Gollis claimed that at that time the Navy knew, or should have known, that its position clearly lacked merit. The AJ agreed and awarded fees, finding the Navy had unnecessarily prolonged the litigation following receipt of the submission. The Board reversed.
 
 
 5
 Section 7701(g)(1) sets forth a two-prong standard for the award of attorney fees:
 
 
 6
 [T]he Board ... may require payment by the agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the Board ... determines that payment by the agency is warranted in the interest of justice, including any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit.
 
 
 7
 Mr. Gollis prevailed. Therefore he satisfies the first prong of this test. With respect to the second prong, an award of fees in the interest of justice may involve an analysis of the agency's conduct during the litigation, rather than solely at its inception. Keely v. Merit Sys. Protection Bd., 760 F.2d 246, 249 (Fed.Cir.1985). This court has also determined that the Board may award fees under section 7701(g)(1) from the time that the agency "knew or should have known" that its position was "clearly without merit." See Keely, 760 F.2d at 248-49 (at the point in the litigation where the agency's position lacks substantial justification, a fee award is appropriate).
 
 
 8
 In this case, Mr. Gollis submitted evidence from Dr. Tourtellotte on his fitness to return to duty. Indeed, the AJ ordered reinstatement based on Mr. Gollis's submitted evidence. The Navy did not contest this evidence at the ensuing hearing.
 
 
 9
 Later, on an unsuccessful appeal to the full Board, the Navy argued that Dr. Tourtellotte's evidence was not sufficient to support Mr. Gollis's reinstatement. This argument, however, was simply that--argument. The record evidence left Dr. Tourtellotte's affidavit unchallenged. The Navy received this evidence more than a month before the hearing and chose not to refute it. Without rebuttal, this evidence showed Mr. Gollis's restored medical condition. This court finds the Navy's position without merit in going forward with the separation action after October 9, 1990, in the face of uncontroverted evidence. Additionally, the agency knew or should have had reason to believe its cause would not be sustained on appeal. Dr. Tourtellotte's affidavit on its face established Mr. Gollis's fitness to return to duty. The nature and weight of Mr. Gollis's submission should have alerted the Navy to its probative value. Nonetheless, the Navy did not challenge it. Therefore, the Navy knew or should have known that continued action with respect to Mr. Gollis would not have produced a favorable result.
 
 
 10
 The Board has substantial discretion to award attorney fees. Where, however, the Government does not offer any timely rebuttal to dispositive evidence, needlessly prolonging adjudication of a case, an award of attorney fees is clearly justified. Given these facts, the Board abused its discretion in denying this award. Therefore, this court reverses the AJ's decision and awards fees for the period following October 9, 1990. For this appeal, however, each party will bear its own costs.