Wilfred E. SMITH, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 93–478.

United States Court of Veterans Appeals.

Oct. 6, 1995.

Morton Hollander, Bethesda, MD, was on the pleadings, for appellant.

Mary Lou Keener, General Counsel, Atlanta, GA; Norman G. Cooper, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; and Michael A. Leonard, Washington, DC, were on the pleadings, for appellee.

Before FARLEY, MANKIN, and STEINBERG, Judges.

FARLEY, Judge:

This case is before the Court on the appellant's application for an award of reasonable attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Court will grant the appellant's application and order the award of attorney fees and expenses consistent with this opinion.

## I. BACKGROUND

The appellant filed a timely appeal of a March 11, 1993, decision of the Board of Veterans' Appeals (BVA or Board) which had denied service connection for a chronic low back disorder, denied an increased rating for bilateral hearing loss, and granted a 10% rating for tinnitus. In a December 20, 1994, panel opinion, this Court remanded to the BVA the claims for service connection for a low back disorder and for an increased rating for bilateral hearing loss, and affirmed the Board's decision to grant a 10% rating for tinnitus. *Smith v. Brown,* 7 Vet.App. 255, 259 (1994). The Court also wrote:

> In the interest of completeness, the Court notes that our holding that the BVA did not commit legal error in refusing to award a 1972 effective date or a 20% rating for tinnitus should not be construed as having any bearing upon the *substantive merits* of these issues. *That the BVA was not under a legal duty to address them does not mean that the appellant would be barred from raising them anew before the agency of original jurisdiction.* Indeed, at oral argument, counsel for both parties indicated that the appellant has followed that route.

*Ibid.* (emphasis added).

On April 7, 1995, the appellant filed an application for attorney fees and expenses, claiming that he was a prevailing party, that he was eligible for an EAJA award, and that the government's position was not substantially justified. Application (Appl.) at 1–9. He requested an award of 94.25 hours at a rate of $75 per hour, augmented by a cost-of-living increase consistent with *Elcyzyn v. Brown,* 7 Vet.App. 170, 181 (1994), or a rate of $121.65 per hour, for a total fee of $11,-465.51. Appl. at 10–12. The appellant also claimed $26.21 for expenses. *Id.* at 12. On June 8, 1995, the Secretary filed a response to the appellant's application. He noted that the only issue in dispute was whether the amount of the EAJA award should be reduced either because the appellant prevailed on only two of the three issues before the Court on appeal or because the appellant "needlessly prolonged the appellate proceedings in this Court." Response at 1, 7–11. In his reply brief, the appellant argued that there should be no reduction of the requested fee award because he did "prevail" on all three claims, and because the Secretary, not the appellant, unduly prolonged the litigation in this case. Reply at 1–9.

## II. ANALYSIS

At issue is the amount of fees to which the appellant is entitled under the EAJA where the Court affirmed the BVA's decision as to

one claim but vacated and remanded the BVA's decision as to two other claims. In *Hensley v. Eckerhart,* the United States Supreme Court wrote that, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Further,

> The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the ... court to adjust the fee upward or downward, including the important factor of the "results obtained." This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

*Id.* at 434, 103 S.Ct. at 1940 (footnote omitted). The Supreme Court also noted that in some cases

> the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the ... court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Id.* at 435, 103 S.Ct. at 1940.

Rejecting "a mathematical approach comparing the total number of issues in the case with those actually prevailed upon," 461 U.S. at 435 n. 11, 103 S.Ct. at 1940 n. 11, the Supreme Court wrote:

> There is no precise rule or formula for making these determinations. The ... court may attempt to identify specific hours that should be eliminated, or it may

simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. This discretion, however, must be exercised in light of the considerations we have identified.

*Id.* at 436–37, 103 S.Ct. at 1941; *see also Naekel v. Department of Transp., FAA,* 884 F.2d 1378, 1379 (Fed.Cir.1989) (finding that appellant's fee award should not be reduced notwithstanding that appellant had prevailed on only four of six issues on appeal). Finally, the Supreme Court held:

> that the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees.... Where the plaintiff has failed to prevail on a claim that is *distinct in all respects* from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the ... court did not adopt each contention raised. But where the plaintiff achieved only limited success, the ... court should award only that amount of fees that is reasonable in relation to the results obtained.

*Hensley,* 461 U.S. at 440, 103 S.Ct. at 1943 (emphasis added).

### A. Reduction of Fees Due to Limited Success

Here, the parties dispute whether the appellant's hours should be reduced based on the degree of success he actually achieved. In the Secretary's view, the appellant should receive a reduction in hours by one-third to reflect the Court's affirmance of the BVA's decision on one of the three claims, the tinnitus claim. The appellant, in turn, argued that he actually had received substantial benefit from the Court's treatment of his tinnitus claim, notwithstanding the affirmance of the BVA's denial of it, in light of the Court's statement "that our holding that the BVA did not commit legal error in refusing to award a 1972 effective date or a 20% rating for tinnitus should not be construed as having any bearing upon the substantive merits of these

issues." *Smith, supra.* Given that the appellant remained free to pursue aspects of his tinnitus claim before the agency of original jurisdiction (AOJ), even after the Court's action, the appellant argued further that his position before this Court on the tinnitus claim should be viewed as achieving "a level of success" on that claim as well. The appellant also urged that the tinnitus claim and the bilateral hearing loss claim should be viewed as related claims because the two disabilities originated from the same acoustic trauma and had been treated together as a hearing disability throughout the proceedings below.

As an initial matter, we reject the Secretary's suggestion of an automatic one-third reduction in the number of hours. Such a reduction would directly contradict the Supreme Court's admonition in *Hensley* that a "mathematical approach" is to be avoided. 461 U.S. at 435 n. 11, 103 S.Ct. at 1940 n. 11. Under *Hensley*, a proper initial line of inquiry is whether the appellant's "lawsuit consists of related claims." 461 U.S. at 440, 103 S.Ct. at 1943. If the claims are unrelated, then the hours spent on any unsuccessful claims should be eliminated. *Ibid.* The Court dealt with such a situation in *Elcyzyn,* where the Secretary's position was found to have been substantially justified on a clear and unmistakable error (CUE) claim, but not substantially justified on a second, unrelated claim for post-traumatic stress disorder. 7 Vet.App. at 177–78. The Court determined the hours spent in the preparation or presentation of the appellant's CUE claim and disallowed those segregated hours. *Ibid.* However, when the claims (or some of the claims) in a lawsuit are related, the Court must then examine the extent of the appellant's success on the merits, and if the appellant "achieved only limited success, the ... court should award only that amount of fees that is reasonable in relation to the results obtained." *Ibid.*

Here, unlike in *Elcyzyn,* the appellant's bilateral hearing loss and tinnitus claims are not easily separable because they are both conditions of the ear and both arose from the same acoustic trauma. In reviewing the record on appeal for both claims, the appellant's counsel reviewed the same medical records—those dealing with hearing tests and other ear examinations. Thus, if we were to eliminate the hours spent reviewing such records from the appellant's EAJA award in an effort to remove hours spent working on the tinnitus claim, we would effectively be eliminating hours spent on the hearing loss claim, a claim on which the appellant prevailed. These are the sort of "related claims" that *Hensley* contemplates, i.e., where in doing work on one of the claims, an attorney is effectively doing work for another one as well. Since there is such a relationship between the appellant's tinnitus and hearing loss claims, they are related for EAJA-fee-reduction purposes.

Moving to consideration of the level of success attained by the appellant, we find that the appellant did receive significant—but not complete—relief overall. The BVA decision was vacated as to the low back and bilateral hearing loss claims and, as the appellant correctly notes, the Court acknowledged the availability of AOJ adjudication regarding an increased rating and earlier effective date for tinnitus. On the other hand, the appellant did not prevail on the tinnitus claim, and some of his work regarding this claim must have dealt with it exclusively. All things considered, the Court concludes that an award based upon 89.5 hours, five percent fewer than the 94.25 hours claimed, is reasonable.

### B. Unduly Prolonged Litigation

During the litigation of this appeal, the parties agreed that the BVA decision was flawed but they could not agree on the appropriate remedy. Although settlement negotiations were attempted, the parties were unable to agree upon a joint motion for remand. Secretary's Response at 3; Appellant's Reply at 6–9. In their briefs and at oral argument, the appellant argued that all three claims should be reversed; the Secretary believed that a remand would be the appropriate remedy for two of the three claims and that the BVA's denial of the tinnitus claim should be affirmed. Because no settlement was reached and because the appellant argued for reversal before the Court,

the Secretary argues that the appellant "needlessly prolonged" the litigation. Secretary's Response at 10.

 Although it was not cited by the Secretary, 28 U.S.C. § 2412(d)(1)(C) is the pertinent EAJA provision regarding this matter. It provides:

> The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

*Ibid.; see also* 28 U.S.C. § 2412(d)(2)(D).

As the appellant states in his response to the Secretary's reply to the EAJA application, the appellant, not the Secretary, initiated compromise negotiations. Reply at 7. Although the appellant states that he was initially willing to negotiate a remand as opposed to a reversal, the parties could not agree on the terms of a joint motion for remand and the appeal was allowed to continue to final disposition by the Court. *Id.* at 7–9. While each party blames the other for the failure of settlement negotiations, the Court is unable to conclude that either party was responsible for the breakdown of settlement negotiations; settlements sometimes fail even though both parties substantially agree as to how a matter should be resolved. In refusing to accept the Secretary's offers of settlement, the appellant did not "unduly and unreasonably" protract the final resolution of the matter.

In arguing for reversal in his briefs and at oral argument, the appellant was attempting to obtain the optimum relief possible, which he had every right to do in a proceeding before this Court. *Cf. Butler v. Shalala,* No. 92–C145, 1995 WL 314595, at *2 (N.D.Ill. May 22, 1995) (mem. opinion and order) (holding that although petitioner protracted the proceedings by unsuccessfully objecting to Magistrate Judge's Report and Recommendation and requiring a resolution by the District Court, he did not do so "unduly or unreasonably" and he had "a right to have [his] case decided by an Article III judge"). We can find no authority, and the Secretary

offers none, for the proposition that an appellant who was a prevailing party under *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (*see also Stillwell v. Brown,* 6 Vet.App. 291 (1994)), but who fell short of total victory "unduly or unreasonably protracted" the litigation. Therefore, under these circumstances, we find no reason to reduce the appellant's award on this basis.

### III. CONCLUSION

The Secretary does not contest the reasonableness of the claimed expenses of $26.21, nor that the appropriate hourly rate should be $121.65, representing the $75 per hour statutory rate as adjusted by the applicable cost-of-living increase consistent with *Elcyzyn,* 7 Vet.App. at 179–81. Thus, the total fee award should be $10,887.68.

Accordingly, the appellant's application for attorney's fees and expenses is granted in the amount of $10,913.89. *See Hensley, supra; Elcyzyn, supra.*

It is so **ORDERED.**