**UNITED STATES of America, Plaintiff,**

v.

**ZIEGLER BOLT AND PARTS COMPANY, Defendant.**

Slip Op. 97–102.
Court No. 93–03–00162.

United States Court of
International Trade.

July 24, 1997.

---

### MEMORANDUM OPINION & ORDER

CARMAN, Chief Judge.

Defendant moves this Court pursuant to U.S. CIT R. 68 for an award of attorney's fees and other expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1988), as well as for costs pursuant to 28 U.S.C. § 1920 (1988). Defendant asserts it is entitled to an award of attorney's fees and costs because it was the prevailing party in this matter, *see United States v. Ziegler Bolt and Parts Company*, 883 F.Supp. 740 (CIT 1995) ("*Ziegler II*"), aff'd, 111 F.3d 878 (Fed. Cir.1997), and because the government's position in this matter was not substantially justified. Plaintiff maintains no award of fees or expenses is warranted because the government's position was substantially justified and special circumstances make awarding fees to the defendant unjust.

The Equal Access to Justice Act ("EAJA"), in relevant part, provides

### § 2412. Costs and fees

(a) Except as otherwise specifically provided by statute, a judgment for costs, ... but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by ...

the United States ... in any court having jurisdiction of such action....

(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States.... The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law....

....

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412 (1988).

The government has the burden of establishing that its position was substantially justified or special circumstances exist which would make the award of attorney's fees unjust. *See, e.g., Naekel v. Department of Transportation,* 884 F.2d 1378, 1379 (Fed. Cir.1989). Substantial justification requires the government's position be "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). If the government is unable to satisfy this burden, the Court must award fees and expenses. *See Urbano v. United States,* 779 F.Supp. 1398, 1401 (CIT 1991) (citing *Brewer v. American Battle Monuments Comm'n,* 814 F.2d 1564, 1569 (Fed.Cir.1987)). In reviewing the government's justification of its position, "a court should not lightly infer bad faith on the part of a litigant for purposes of attorney's fees awards." *Atochem v. United States,* 9 CIT 207, 211, 609 F.Supp. 319, 323 (1985).

Because the Court finds the issue of whether the government's position in this litigation was substantially justified is dispositive, it will discuss the arguments raised

by the defendant in asserting the government's position was not justified. Defendant first argues the government's position in this litigation was not justified because the government's summary judgment motion was "substantially defeated" and because the government "lost the case." (Def.'s Mem. in Supp. of Applic. for Fees and Other Expenses ("Def.'s Mem.") at 5.)

 The Court has little difficulty disposing of these arguments. This Court's dismissal of this action due to a procedural error does not reflect whether the government was substantially justified in prosecuting the case. Indeed, the United States Court of Appeals for the Federal Circuit has noted "the EAJA was not intended to be an automatic fee-shifting device in cases where the petitioner prevails.... The mere fact that the United States lost the case does not show that its position in [prosecuting] the case was not substantially justified." *Luciano Pisoni Fabbrica Accessori Instrumenti Musicali v. United States,* 837 F.2d 465, 467 (Fed.Cir.1988) (citations omitted). *See also Gava v. United States,* 699 F.2d 1367, 1371 (Fed.Cir.1983) (rejecting argument that government's loss in Court of Claims demonstrates its position was not substantially justified). In denying the government's motion for partial summary judgment, this Court did not address the merits of the government's position. Rather, it refused to collaterally estop the defendant from denying civil liability because defendant's liability as to the ninety-eight entries in issue "w[as] not a part of the criminal information or plea agreement" and thus was not fully litigated in the earlier criminal proceedings. *United States v. Ziegler Bolt and Parts Company,* Court No. 93–03–00162, Slip Op. 95–3 at 23–24, 1995 WL 13448 (CIT Jan. 13, 1995) (*"Ziegler I"*). This Court's denial of the government's summary judgment motion in *Ziegler I* did not foreclose the government's offering evidence and arguing the merits of its position at a later date.

 Additionally, defendant argues the government's position was not justified because its action, filed on March 15, 1993, was barred by the statute of limitations. In sup-

port of this argument, defendant notes a February 24, 1993 letter signed by government counsel stating the statute of limitations would expire on March 3, 1993. Defendant asserts "[t]he government's obstinate character in continuing to pursue this litigation and claim against Defendant when it clearly and explicitly knew that its cause of action had expired is just the kind of conduct which the Equal Access to Justice Act was intended to rectify and make whole." (Def.'s Mem. at 5–6.)

In *Ziegler I*, the Court denied defendant's motion for summary judgment based on the statute of limitations, noting "there appear to be material question of fact foreclosing summary judgment on the issue of the statute of limitations. The resolution of these factual disputes is better left for determination at trial." *Ziegler I* at 11. The dismissal of the government's action for lack of proper service of process in *Ziegler II* prevented this Court from addressing the merits of whether the government's claim was barred by the statute of limitations. The government notes, however, the statute provides two different limitation periods depending on whether an action is brought for a grossly negligent or negligent violation, or for a fraudulent violation of 19 U.S.C. § 1592. *See* 19 U.S.C. § 1621 (1988) (providing in cases involving a fraudulent violation of the statute, an action must be "commenced within five years after the time when the alleged offense was discovered", while actions involving negligence must be brought within "five years after the date the alleged violation was committed"). The government asserts "no one in the Customs Service had or could have discovered any fraudulent violation on the part by [sic] Ziegler by March 3, 1993" and notes a declaration executed by a Special Agent of the Department of Transportation states he did not contact the Customs Service regarding the Ziegler matter prior to March 3, 1993. (Pl.'s Resp. in Opp'n to Def.'s Bill of Costs and Application for Fees and Expenses ("Pl.'s Resp.") at 16.)

■ As noted above, the factual dispute concerning the statute of limitations was not resolved by the Court prior to its dismissal of this matter. The Court observes the allega-tions raised in the various counts of the government's complaint differentiated the entries at issue. The first count of the government's complaint alleged fraudulent violations of 19 U.S.C. § 1592 with respect to all ninety-eight entries, while the second and third counts alleged a negligent or grossly negligent violation of the statute only with respect to one entry which entered the United States less than five years prior to the government's filing of this matter. Although this Court never reached a determination on the merits with respect to the statute of limitations, based upon its review of the parties' submissions, the Court concludes the government's position in regards to the statute of limitations was substantially justified.

■ Finally, defendant argues the government's prosecution of this case pursuant to 19 U.S.C. § 1592 was contrary to the customs laws because the goods at issue were properly marked at the time of their entry into the United States, and according to the defendant the statute is not concerned with alterations to the country of origin markings after goods are entered into the United States. Defendant argues the conduct of Ziegler Bolt and Parts Company "could not result or create a cause of action under 19 U.S.C. § 1592 [because that section of the code] focuses on the time of entry." (Def.'s Mem. at 6.)

The government's response notes "the essence of the 'false acts['] and 'omissions' constituting the statutory violations is Ziegler's failure to disclose, *at the time of entry*, that he intended to remove the country of origin markings." (Pl.'s Resp. at 19.) The government's response goes on to note "no court, to date, has ever held that a 'post-entry' removal of country-of-origin markings cannot result in a violation of 19 U.S.C. § 1592," (*id.*), and asserts "there is no merit to Ziegler's argument that Congress intended to preclude the application of [19] U.S.C. § 1592 to the type of 'post-entry' removal scheme alleged against Ziegler." (Id. at 22.)

The Court is concerned that in evaluating whether the government's position was substantially justified, it is treading perilously close to issuing an advisory opinion. While the Court declines to express any position on

whether 19 U.S.C. § 1592 applies to post-entry removal of country-of-origin markings, the Court notes that in addition to the first three counts of the government's complaint brought pursuant to 19 U.S.C. § 1592, the fourth count is brought pursuant to 19 U.S.C. § 1592(d) for marking duties under 19 U.S.C. § 1304. Without expressing any position as to whether 19 U.S.C. § 1592 applies to post-entry removal of country-of-origin markings, the Court finds the government's complaint, read as a whole, presents a litigation position which is substantially justified and precludes this Court from awarding defendant attorney's fees pursuant to 28 U.S.C. § 2412.

■ In addition to responding to defendant's arguments, the government asserts it was justified in continuing to prosecute this action following the revelation it improperly served defendant with process. The government claims it "was substantially justified in arguing that Ziegler had submitted to this Court's authority by affirmatively litigating the substantive merits of the fraud case through, *inter alia*, serving interrogatories and document requests, deposing Customs agents, moving to compel discovery, and, ultimately, filing a cross-motion for summary judgment." (Pl.'s Resp. at 8–9.) The government argues "*every* appellate court to have addressed this issue has held that a defendant submits to a court's authority by affirmatively litigating the substantive merits of its case." (*Id.* at 9.)

While this Court determined the government's improper service of process required dismissal of the government's action for civil penalties against the defendant, the government is correct in asserting there is authority in other circuits supporting the proposition that a defendant may waive the defense of lack of personal jurisdiction by actively engaging in the litigation of a case, even though the defendant has not waived its right to raise the defense of lack of personal jurisdiction under Fed.R.Civ.P. 12(h). *See Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1297 (7th Cir.1993) (holding defendants waived defense of lack of personal jurisdiction made in answer through litigating merits by participating in discovery, filing various motions, and opposing motions filed by plain-

tiff); *Santos v. State Farm Fire and Cas. Co.,* 902 F.2d 1092, 1095–96 (2nd Cir.1990) (holding defendant waived defense of lack of personal jurisdiction by failing to adequately assert the defense through either a motion under Fed.R.Civ.P. 12(b) or in defendant's answer); *Marcial Ucin, S.A. v.. SS Galicia,* 723 F.2d 994, 997 (1st Cir.1983) (holding defendant waived defense of lack of personal jurisdiction by failing to assert the defense in either a motion under Fed.R.Civ.P. 12(b) or a responsive pleading and by participating in thirteen depositions prior to moving for dismissal); *Vozeh v. Good Samaritan Hospital,* 84 F.R.D. 143, 144 (S.D.N.Y.1979) (holding defense of lack of personal jurisdiction raised in defendant's answer was waived where defendant offered no proof of assertion until two years after answer was filed); *cf. Yeldell v. Tutt,* 913 F.2d 533, 539 (8th Cir.1990) (holding defendant waived defense of lack of personal jurisdiction made in answer by engaging in discovery, filing various motions, participating in a five-day trial and filing post-trial motions); *Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.,* 376 F.2d 543, 544 (3rd Cir.1967) (holding defendant waived defense of lack of personal jurisdiction by arguing against plaintiff's motion for preliminary injunction and failing to raise defense of lack of personal jurisdiction until more than two weeks after district court's announcement of its intention to enter preliminary injunction).

Although this Court ultimately determined, and was sustained on appeal, *see United States v. Ziegler Bolt and Parts Company,* 111 F.3d 878 (Fed.Cir.1997), that it did not have personal jurisdiction over the defendant, the Court finds the government's position in pursuing the litigation was nonetheless substantially justified. The Court observes the defendant had the ability to cut short its involvement in litigating this matter by filing a motion under U.S. CIT R. 12(b) asserting lack of personal jurisdiction due to insufficient service of process. While in *Ziegler II,* this Court noted that such a motion is not required, see *Ziegler II,* 883 F.Supp. at 752 ("This Court rejects the adoption of court-imposed obligations unauthorized by the rules that may effectively force defendants to waive their legitimate affirmative

defenses, ... which have been properly asserted in their answers."), defendant did have this option available but chose not to utilize it. It is quite possible that had defendant exercised its ability to file a motion under U.S. CIT R. 12(b), the duration of this matter could have been shortened significantly, and the defendant could have avoided incurring significant expenses for legal fees and court costs.

Additionally, the Court rejects defendant's application for costs pursuant to 28 U.S.C. § 1920. The Court notes the statute vests discretion in the Court in awarding costs. *See* 28 U.S.C. § 1920 (1988) (emphasis added) ("A judge or clerk of any court of the United States *may* tax as costs the following....."). The Court, having determined the government's position was substantially justified, declines to exercise its discretion in favor of awarding defendant its costs.

**ORDER**

This matter having been submitted for decision, and after due deliberation it is hereby

**ORDERED** that defendant's motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, is denied; and it is further

**ORDERED** that defendant's motion for costs pursuant to 28 U.S.C. § 1920 is denied.

**ORDERED** that plaintiff's motion to submit supplemental authority in opposition to defendant's motion for attorney's fees and expenses is denied.

