KRAMER, Chief Judge,
concurring:
Although I concur in the majority opinion, I write separately to express my disagreement with the views set forth in Judge Farley’s concurring statement regarding the appropriate standard for determining whether the Secretary’s position was substantially justified in cases where the matter is remanded by the Court.
I do not share Judge Farley’s “drift” guilt. In this regard, I note that I authored both Stillwell v. Brown, 6 Vet.App. 291 (1994), which set forth the “totality of the circumstances” test, and Dillon v. Brown, 8 Vet.App. 165 (1995), which, according to Judge Farley, increased “the speed of the drift” from that test. Ante at 245. In Dillon, the Court, after setting forth the “totality of the circumstances” test, found that the Secretary’s administrative position was substantially justified with respect to the error that had served as the basis for the remand. Dillon, 8 Vet.App. at 167-68. The Court, however, declined to consider whether the Secretary’s position at the administrative level was substantially justified with respect to allegations of error that were not addressed in the parties’ joint motion for remand or in the Court’s remand order. Id. at 168. The Court reasoned that such arguments “were not ‘relevant, determinative circumstances’ that would shed light on the reasonableness of the Secretary’s administrative position” (Id. at 168 (quoting Bowyer v. Brown, 7 Vet.App. 549, 552 (1995))), and that addressing those arguments would amount to an impermissible “ ‘second major litigation’” (Dillon, 8 Vet.App. at 168 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983))).
Following the reasoning in Dillon, the Court has since recognized in numerous opinions that, in determining whether the Secretary’s administrative position was substantially justified, the Court will not consider allegations of error that were not addressed in a joint motion for remand or in the Court’s remand order or decision. See, e.g., Jackson v. West, 12 Vet.App. 422, 427 (1999) (when Court’s remand order provides only one basis for remand and does not address any other allegations of error, appellant’s additional allegations of error cannot be considered to be relevant, determinative circumstances, but rather constitute impermissible attempt to conduct second major litigation); Stephens v. West, 12 Vet.App. 115, 118-19 (1999). In Jacobsen v. West, 12 Vet.App. 546, 547-48 (1999), the Court created a narrow exception to the general rule that the Court will focus on the language of any joint motion and the Court’s remand order or decision in determining whether the Secretary’s administrative position was substantially justified, holding that a lack of substantial justification could also be predicated on an error that the Secretary had conceded in his merits pleadings, even though that error had not been a basis for the Court’s remand. See also Jacobsen, 12 Vet.App. at 548 (Kramer, J., concurring). For the reasons that follow, I believe that Dillon and its progeny represent an appropriate evolution of the Court’s EAJA jurisprudence and would reject Judge Farley’s unrestricted approach to determining substantial justification with respect to remanded cases.
First, although I agree with the standard set forth in the majority opinion with respect to settled cases, I believe that that standard is not appropriate in cases where there is a Court remand. As to settled cases, under the Court’s caselaw, when the Secretary and an appellant enter into a settlement agreement, the case or contro *249 versy becomes moot and the Court must dismiss the appeal for lack of jurisdiction. See Hines v. Brown, 7 Vet.App. 309, 311 (1994); Bond v. Derwinski, 2 Vet.App. 376, 377 (1992) (per curiam order). In such a circumstance, the Court does not evaluate and adjudicate the arguments or positions of the parties prior to disposition on the merits, but merely dismisses the appeal in accordance with Rule 42 of the Court’s Rules of Practice and Procedure. See Hines and Bond, both supra. Thus, in settled cases, unlike in remanded cases, the Court’s consideration at the EAJA stage of allegations of error that were not addressed in the Court’s dismissal order or in the parties’ settlement agreement in order to determine substantial justification would not result in an impermissible “ ‘second major litigation’” of the merits, because there was in actuality no initial merits adjudication. Dillon, 8 Vet.App. at 168 (quoting Hensley, 461 U.S. at 437, 103 S.Ct. 1933).
Second, I believe, unlike Judge Farley, that the Supreme Court’s admonition that “[a] request for attorney’s fees should not result in a second major litigation” (Hensley, supra) is fully applicable to the Court’s determinations with respect to substantial justification under the EAJA. Although Judge Farley correctly notes that the reference in Hensley to avoidance of “a second major litigation” was made in the context of reviewing a determination as to the amount of a fee award, nothing in Hensley suggests that that principle should be limited to that context. See Hensley, supra. Indeed, that principle has been applied by the Supreme Court in reviewing other facets of attorney-fee litigation, including issues regarding substantial justification. In Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Supreme Court, in determining that the United States Court of Appeals for the Ninth Circuit had been correct in applying an “abuse of discretion” standard in reviewing a district court’s determination as to substantial justification, stated that deferential review of the substantial-justification determination “will implement our view that a ‘request for attorney’s fees should not result in a second major litigation.’ ” Pierce, 487 U.S. at 563, 108 S.Ct. 2541 (quoting Hensley, supra). Thereafter, in Commissioner, INS v. Jean, 496 U.S. 154, 156, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), the Supreme Court addressed “whether a prevailing party is ineligible for fees for the services rendered during [litigation over the fee request] unless the Government’s position in the fee litigation itself is not ‘substantially justified.’ ” In rejecting the government’s position that the district court, before awarding “fees for fees,” must make a separate finding of substantial justification as to the government’s position during the litigation over fees, the Supreme Court noted that such a requirement “would multiply litigation” and stated that “‘[a] request for attorney’s fees should not result in a second major litigation.’” Jean, 496 U.S. at 163, 110 S.Ct. 2316 (quoting Hensley, supra). In view of these cases, which erect barriers to separate determinations regarding substantial justification at different stages of a civil action, I believe that Supreme Court jurisprudence not only does not preclude our reliance on Hensley’s “second major litigation” concept as a basis for the Court’s Dillon approach to substantial justification in remanded cases but also that it appears to provide support for such an approach.
Third, I believe that precedential opinions of the United States Court of Appeals for the Federal Circuit (Federal Circuit), by which this Court is bound, also support this approach. In Keely v. Merit Sys. Protection Bd., 793 F.2d 1273 (Fed.Cir.1986), the petitioner, after having prevailed on the underlying merits and on an appeal with respect to his request for attorney fees, applied for fees and expenses in connection with litigation over his entitlement to attorney fees. Id. at 1274-75. The government urged the Federal Circuit to reduce the requested award, arguing, inter alia, that the petitioner had achieved *250 only limited success. Id. at 1275. In support of that argument, the government urged the Federal Circuit “to disregard the litigation on the underlying merits, and address solely the [results obtained during the] subsequent litigation for fees.” Id. In rejecting the government’s position, the Federal Circuit stated that it was “disturbed by the [government’s] attempt, in analyzing the results obtained, to restrict our focus to the fee dispute. The Supreme Court has cautioned that ‘[a] request for attorney’s fees should not result in a second major litigation.’ In our view, adopting the [government’s] approach to the results obtained would encourage a second major litigation.” Id. at 1276 (quoting Hensley, supra ) (citation omitted). Further, in Naekel v. Department of Transp., FAA, 884 F.2d 1378 (Fed.Cir.1989), the Federal Circuit determined that the government had not shown that its position was substantially justified, stating that, “[although the government reargues the merits, a ‘request for attorney’s fees should not result in a second major litigation.’” Naekel, 884 F.2d at 1379 (quoting Hensley, supra ). Thus, not only has the Federal Circuit suggested in Keely that, in resolving fee litigation, it will emphasize what occurred during the litigation of the underlying merits, but it also has clearly stated in Naekel that merits determinations should not be made during fee litigation and that to do so would constitute an impermissible “second major litigation.”
In sum, I believe that both Supreme Court and Federal Circuit precedents support our existing Court precedent that, where at the merits stage the Court has considered the parties’ arguments and issued an order or decision remanding the matter, it is the Court’s remand order or decision and any joint motions underlying that order or decision (as well as any concessions of error made in the parties’ pleadings) that properly should be the focal point of any substantial-justification determination and that any additional allegations of error should not be considered by the Court in determining whether the Secretary’s administrative position was substantially justified.