KASOLD, Judge,
concurring in part and dissenting in part:
Although I concur with much of the majority opinion, I respectfully do not believe it is appropriate in this case to apply an across-the-board percentage reduction to the requested EAJA fees; nor do I believe we should suggest detailed procedures for EAJA applications outside of our normal rule-making authority. For the reasons stated below, I dissent with respect to sections II.A.3.Ü and A.4, II.B, and II.C of the opinion.
At the outset, I re-emphasize the conclusion of the majority that the argument presented by both appellants — that the approach undertaken by counsel in managing these cases justified an award of attorney fees because the approach mirrored the internal working procedures of the Secretary in handling cases' — is unpersuasive. Ante at 239-40. The prudential requirement that the Secretary maintain consistent positions before the Court combined with the staffing needs of the Secretary’s General Counsel, who handles thousands of cases and supervises scores of attorneys, and who is charged by law with representing the Secretary before the Court, 38 U.S.C. § 7263(a), renders any comparison inapposite.
With regard to the across-the-board reduction of the entire EAJA fee sought, including expenses, that was applied in these cases by the majority, I note that *248 this approach is inconsistent with the guidance from the U.S. Supreme Court requiring courts to provide a concise but clear explanation of the reasons for reducing EAJA fees. See Hensley v. Eckerhart, 461 U.S. 424, 436-37, 438, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (holding that a court ordering the award of fees “may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success” and the court needs “to provide a concise but clear explanation of its reasons for the fee award”). Moreover, the across-the-board reduction of an entire EAJA fee request has not been used by any U.S. court of appeals since Copeland v. Marshall, 641 F.2d 880, 903 (D.C.Cir.1980) (en banc) (flat reduction to EAJA request permitted under limited facts of the case), which predated Hensley, supra. See, e.g., Heiar v. Crawford County, 746 F.2d 1190, 1205 (7th Cir.1984) (arbitrary percentage reduction of entire fee rejected); Prandini v. National Tea Co., 585 F.2d 47, 52 (3d Cir.1978) (court “may not reduce an award by a particular percentage or amount (albeit for justifiable reasons) in an arbitrary or indiscriminate fashion”) (discussing Hughes v. Repko, 578 F.2d 483 (3d Cir.1978)).
Although an across-the-board percentage reduction can be permissible as to attorney’s fees (as opposed to an entire EAJA fee request), it has been limited to situations where more focused reductions are not practical, such as when billing statements are extensive or have multiple deficiencies, see, e.g., Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 973 (D.C.Cir.2004) (reduction of total hours billed by 50% appropriate where billing statement was marked by pervasive deficiencies); Action on Smoking & Health v. Civil Aeronautics Bd., 724 F.2d 211, 220 (D.C.Cir.1984) (percentage reduction of hours billed by individual attorneys appropriate where billing statement contained excessive entries or was inadequately documented), or the application is voluminous, see, e.g., N.Y. State Ass’n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir.1983) (explaining that in cases containing “voluminous fee applications” court has ability to make across-the-board percentage cuts in hours), or individual claims were not separable, see, e.g., Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 127 (1st Cir.2004) (reduction of total hours by one-third appropriate where hours for individual claims were not separable). Percentage reductions are also appropriate when duplication is a serious or complicated problem. See, e.g., Coulter v. Tennessee, 805 F.2d 146, 149 (6th Cir.1986) (reduction of specific blocks of time by 50% allowed where duplication was a “serious problem”); Northcross v. Bd. of Educ., 611 F.2d 624, 636-37 (6th Cir.1979) (reduction of total number of hours by a percentage is arbitrary but essentially fair method to eliminate duplication for multiple attorneys in complicated cases).
I do not agree with the majority that our case law supports an across-the-board percentage reduction of the entire EAJA fee request in this case. Up until today, the precedential opinions of this Court have reserved the across-the-board percentage reduction for cases involving multiple claims for which success was not achieved on all of the claims, and then only as to the attorney fees requested. See, e. g., Jacobsen v. West, 12 Vet.App. 546 (1999); Smith v. Brown, 8 Vet.App. 327 (1995). In the other cases relied on by the majority, a percentage reduction in the EAJA fee request was targeted to those portions of the billing statements that were inadequately documented, Hensley v. Principi, 16 Vet.App. 491, 502 (2002), or reflected work that was not germane to the case, Teten v. Principi, 16 Vet.App. *249 112, 119 (2002), or were duplicative, Vidal v. Brown, 8 Vet.App. 488, 493 (1996).
Moreover, even when a percentage reduction of attorney fees is necessary as a practical matter, the Court has cautioned against using a straight mathematical formula; i.e., EAJA fees should not be reduced by one-third solely because one-third of the claims on appeal were denied. See id. (citing Smith, 8 Vet.App. at 329). The reduction in EAJA fees must be based on analysis of the work done that is related to the successful claims. See Hensley, 461 U.S. at 436-37, 103 S.Ct. 1933; Smith, supra. Accordingly, I take exception to the majority’s assertion that “the Court can better judge the reasonableness of the fees as a whole than it can judge the reasonableness of the fees of individual hours billed.” Ante at 244. The merits cases underlying the EAJA applications in these cases do not involve success on less than all of the appellants’ claims, and the EAJA applications and billing statements are not so deficient that the Court could not identify the separate or duplicative contributions of the few attorneys involved. Thus, there is no need to apply an across-the-board percentage reduction that necessarily results in an indiscriminate reduction in the EAJA fees requested by the appellants in these cases. A more precise method of reduction would not be unduly burdensome and it could, and should, be applied. See Jacobs v. Mancuso, 825 F.2d 559, 562 (1st Cir.1987); Copeland, supra.
I further note that, although the majority decision describes the deficiencies in the individual billing statements in each case, it is impossible to deduce how the majority arrived at the specific across-the-board percentage reduction it applies. Although we are told why one fee request is awarded at a lesser rate than the other, no basis for understanding is provided as to why one-third and one-fourth reductions are applied in these cases. Why not one-half and one-third? The continued application of this across-the-board percentage reduction in determining EAJA-fee reductions, particularly given our single-judge appellate authority, will inevitably lead to wholly unpredictable, and likely inequitable, results.
Finally, although I appreciate the majority’s desire to streamline the billing statements submitted in cases involving multiple attorneys, I question the appropriateness and effectiveness of suggesting in this case detailed procedures that two judges of the Court might prefer, particularly when the Court has established rule-promulgating procedures that generally include the participation of our Rules Advisory Committee and other interested parties. See 38 U.S.C. § 7264(a); 28 U.S.C. § 2071(b); U.S. Vet App. R. 40(a). I believe the Court, the bar, and the parties would be better served by following our normal practice.