898 F.2d 146
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ross A. PHILLIPS, Plaintiff-Appellant
v.
UNITED STATES DEPARTMENT OF AGRICULTURE; Forest Service;
Northeastern Forest Experiment Station; F. Bryan Clark,
Director of the United States Department of Agriculture,
Forest Service, Northeastern Forest Experiment Station,
Defendants-Appellees.
 No. 89-1816.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 19, 1990.
Decided: Feb. 20, 1990.
Rehearing Denied March 15, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CA-76-40-F)
 John R. Goodwin, Las Vegas, Nev., for appellant.
 William A. Kolibash, United States Attorney; Martin P. Sheehan, Assistant United States Attorney, Wheeling, W. Va., for appellees.
 N.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ross A. Phillips appeals the district court's dismissal of his motion to enforce a 1979 court order which directed the United States Forest Service to reinstate Mr. Phillips to his former position with that agency "at a pay scale and rank that he would have expected to attain had his employment not been terminated." Mr. Phillips had been improperly fired in 1974 for an altercation with a coworker. See Phillips v. Bergland, 586 F.2d 1007 (4th Cir.1978).
 
 
 2
 The central issue is whether the 1979 order was enforced when the Forest Service increased Mr. Phillips' salary from GS-12, step 7, to GS-12, step 9 upon his reinstatement. Mr. Phillips claims he "expected to attain" more than a two-step increase over the 1974-79 period. The district court found no objective evidence supporting Mr. Phillips' claim and dismissed the case. We affirm.
 
 
 3
 A civilian employee of the government who seeks a retroactive promotion must show that the promotion was mandated by a statute, regulation, or collective bargaining agreement, or otherwise "clearly establish" that he would have been promoted but for the improper government act. Naekel v. Department of Transp., F.A.A., 850 F.2d 682, 683 (Fed.Cir.1988); Power v. United States, 597 F.2d 258, 261-62 (Ct.Cl.1979).
 
 
 4
 In this case, Mr. Phillips offered impressive credentials, his own opinion that he deserved a GS-16 rank, and an example of a coworker who attained a GS-16 rank over the pertinent time period. That does not clearly establish his claim.
 
 
 5
 The question then is what effect the 1979 order has on Mr. Phillips' burden to establish his claim. Mr. Phillips seems to argue that the 1979 order mandates a promotion consistent with his subjective expectations. However, the district court interpreted the order to mean expectations which are objectively reasonable. We find no error in that interpretation, nor in the court's factual finding that a two-step promotion was all that Mr. Phillips could have expected. See Waiting periods for within grade increase, 5 C.F.R. Sec. 531.405 (1989).
 
 
 6
 Mr. Phillips also claims the Forest Service unfairly denied him promotions after his reinstatement in 1979, but, as the district court noted, those promotion decisions were within the discretion of Forest Service officials and must be reviewed initially under the procedures set forth in the Code of Federal Regulations. See Classification Appeals, 5 C.F.R. Sec. 511.601-16 (1989). The 1979 court order spoke to promotions due Mr. Phillips only at the time of his reinstatement.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process.
 
 
 8
 AFFIRMED.