**Esther MAYSONET, Petitioner,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
**Respondent.**

**No. 03–3190.**

United States Court of Appeals,
Federal Circuit.

DECIDED: Dec. 5, 2003.

---

Before CLEVENGER, RADER, and DYK, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board denied Esther Maysonet's Petition for Enforcement of the Board's earlier order requiring the Department of Health and Human Services (agency) to retroactively reinstate her with full back pay. The administrative judge's initial decision held that Ms. Maysonet was not entitled to have alleged promotions taken into account in calculating her back pay. That decision became the final decision of the Board on February 4, 2003. Because substantial evidence does not support the Board's decision, this court *reverses* the judgment and *remands* the case for further development of the record.

## BACKGROUND

The agency notified Ms. Maysonet by letter dated August 29, 2000, that she was being removed from her position as a Criminal Investigator (Special Agent), effective that day. On appeal to the Board, she argued that the agency discriminated against her in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). Administrative Judge Booker rendered an initial decision on July 31, 2001, finding the agency violated Ms. Maysonet's USERRA rights and ordering the agency to retroactively reinstate her to her position with full back pay and benefits. The agency reinstated Ms. Maysonet to her position with an effective date identical to the effective date of her termination. Ms. Maysonet was reinstated at the same pay grade that she held when she was terminated, that is at GS–7, step 3.

On December 7, 2001, Ms. Maysonet filed a Petition of Enforcement with the Board alleging the agency improperly reinstated her to a GS–7 level. She argued that, but for the wrongful removal, she would have been promoted to level GS–9 after the first year and then to GS–11 after the second year. Ms. Maysonet requested back pay reflecting those promotions. The administrative judge denied the petition on February 28, 2002, finding the agency in compliance with the order. On February 4, 2003, the initial decision became the Board's final decision. Ms. Maysonet appealed.

The record indicates that a person in petitioner's position must complete the following training sessions: (1) Criminal Investigators Training Program, (2) two weeks of New Agent Training, (3) three weeks of Inspector General Basic Training, (4) a two week New Agent/New Em-

ployee Orientation, and (5) a three-day writing class. Ms. Maysonet successfully completed requirements (1)—(3) before her removal in August 2000. In addition, she was scheduled to undergo training requirement (4) September 2000, but did not attend because of her removal, and likewise was unable to complete requirement (5) prior to her removal.

The first performance evaluation following her reinstatement shows that Ms. Maysonet "meets or exceeds expectations" in all categories. She alleges that all those who started their jobs with her have been promoted to GS–9 after the first year and GS–11 after the second year. Ms. Maysonet also asserts that she successfully completed training sessions (4) and (5) after reinstatement. Although the record does not contain any documentary evidence to support petitioner's alleged facts, the Government does not dispute these facts or offer evidence to discount them.

## DISCUSSION

This court will set aside a decision of the Board if it finds the decision arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or not supported by substantial evidence. *See* 5 U.S.C. § 7703(c). In reinstating a wrongfully terminated person, an agency must restore the person to the *status quo ante,* i.e. to the position the party would have obtained but for the wrongful action. *See Wainwright v. DHHS,* 28 Fed.Appx. 952, 954, 2002 WL 42890 (Fed.Cir.2002). The agency must reinstate an individual at a higher level if the alleged promotion was mandated by law or if the individual can "clearly establish" that he or she would, in fact, have been promoted. *Naekel v. Dep't of Trans.,* 850 F.2d 682, 683–84 (Fed.Cir. 1988). On the other hand, even if the promotions are routine career-ladder advancements, the Board may still deny such promotions if the agency offers a good

reason for not advancing the employee. *See Rickels v. Dep't of Treasury,* 42 M.S.P.R. 596, 602–03 (1989).

The Board found that Ms. Maysonet did not show that she would have been promoted because she had not to completed all of the required training before her removal. The Board acknowledged that Ms. Maysonet has received only good performance ratings, both before and after the wrongful termination, and essentially accepted as fact her assertion that every employee who started with her had received promotions. Although the record contains no evidence to show any deficient performance from Ms. Maysonet at any time, the Board denied the petition under the following reasoning:

As asserted by the agency here, the record shows that the appellant did not complete all of the training requirements for her law enforcement officer position prior to her removal.... I find the mere fact that the appellant retroactively served the necessary time in grade to be eligible for promotion does not establish that she would have been promoted but for the unwarranted personnel action. Thus, notwithstanding her prior and recent good performance, I find the appellant is not similarly situated to those employees who completed the training requirements and have since been promoted. I, therefore, find that the appellant is not entitled to promotion or to have her back pay award calculated at the higher rate of pay for the GS–9 and GS–11 grade level.

Substantial evidence does not support this conclusion. The record shows only one reason that Ms. Maysonet had not completed the final training phases, namely, the wrongful removal prevented her from doing so. Although Ms. Maysonet has not shown when she would have completed all the required training, nothing in the record indicates that Ms. Maysonet

would have failed to successfully complete all training requirements if she had not been removed. To the contrary, the record supports only the conclusion that she would have successfully completed all required training but for the wrongful termination. Even absent her unsubstantiated allegation that she has now successfully completed all training requirements, the record shows, without dispute, that she displayed only good performance before the removal and after the reinstatement. The only argument presented to support the agency's allegation that Ms. Maysonet would not have been promoted was her lack of complete training, which was wholly caused by the removal.

This case turns on whether Ms. Maysonet can clearly show that her requested promotions were simply routine promotions that she would have received but for the removal. If she has made that showing, the agency can only deny the promotions if it can provide a good reason. The record supplies no good reason for the agency to deny the promotions in this case. The only reason Ms. Maysonet lacked the full training upon reinstatement was because she was terminated before to the dates scheduled for her training. In other words, the lack of training was a direct result of the wrongful termination and does not constitute a good reason to deny the promotions.

The question remains, however, whether Ms. Maysonet has clearly established (1) that she would have received the promotions absent the wrongful action, and, if so, (2) when she would have completed the requirements for such promotions. On this record, that determination cannot be made. Although Ms. Maysonet alleges that all others similarly situated have received the requested promotions, the record evidence is lacking to substantiate that allegation. The Government does not dispute this fact or present evidence to the contrary, but merely points out that the evidence in the record does not support it. Although the Board's decision seems to simply accept this allegation as fact, the record must support that assertion. Also lacking is a factual determination of when Ms. Maysonet would have completed her training and qualified for the promotions requested. If the Board determines that Ms. Maysonet is entitled to the promotions, the Board will be required to determine when each promotion level would have applied to increase the level of back pay she is entitled to.

Accordingly, this court vacates the Board's decision and remands the case for the Board's further factual examination of whether all other employees similarly situated to Ms. Maysonet received the GS–9 and GS–11 promotions according to her allegations, and, if such is the case, when Ms. Maysonet would have finished her required training and been eligible for each promotion. Because this court has found the agency lacks a good reason for denying a routine promotion, the Board needs only address that narrow factual inquiry.