NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT J. MACLEAN,**

*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**

*Respondent*

---

2018-1068

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-06-0611-C-1.

---

Decided: October 24, 2018

---

THAD MCINTOSH GUYER, T.M. Guyer & Friends, PC, Medford, OR, argued for petitioner.

ZACHARY JOHN SULLIVAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR., CHAD A. READLER.

---

Before PROST, *Chief Judge,* MOORE and TARANTO,
*Circuit Judges.*

PROST, *Chief Judge.*

Petitioner Robert MacLean appeals the decision of the
Merit Systems Protection Board ("MSPB") denying his
Petition for Enforcement and his request for a correspond-
ing evidentiary hearing. The MSPB determined that
(1) Mr. MacLean did not meet his burden of proof as to his
medical and dental expenses; (2) Mr. MacLean failed to
sufficiently demonstrate that he was entitled to a retroac-
tive promotion; and (3) a hearing was unnecessary to
resolve these matters. We affirm.

BACKGROUND

This case has a long history. Although we provide a
brief summary of the relevant facts below, the circum-
stances of Mr. MacLean's removal and subsequent rein-
statement as a federal air marshal ("FAM") are set forth
more fully in previous opinions. *See Dep't of Homeland
Sec. v. MacLean*, 135 S. Ct. 913, 916–18 (2015); *MacLean
v. Dep't of Homeland Sec.*, 714 F.3d 1301, 1304–05 (Fed.
Cir. 2013). This appeal concerns the MSPB's denial of
Mr. MacLean's post-reinstatement requests for certain
consequential damages, retroactive promotion, and an
evidentiary hearing.

Mr. MacLean became a FAM in 2001, shortly after the
September 11, 2001, terrorist attacks. In July 2003, the
Transportation Security Administration ("TSA") briefed
all FAMs about a potential plot to hijack U.S. airliners. A
few days after the briefing, however, TSA officials sent
Mr. MacLean and other FAMs a text message cancelling
all overnight missions on flights from Las Vegas until
early August 2003. Mr. MacLean contacted his supervisor
to inquire about the TSA cancellations, which he believed
were illegal and dangerous for the public. The supervisor
told Mr. MacLean that the missions were cancelled due to

insufficient funds. Mr. MacLean then reported the cancellations to the Department of Homeland Security ("DHS") Inspector General's office. He was told nothing could be done.

Unwilling to accept these responses, Mr. MacLean turned to the media. He disclosed the content of the TSA's text message to MSNBC, which subsequently ran a story about the cancellations. Initially, the TSA did not know the source of the disclosure but eventually learned that it was Mr. MacLean. Consequently, the TSA fired Mr. MacLean in April 2006.

Mr. MacLean appealed his removal to the MSPB, arguing that his disclosure to the media was protected whistleblowing activity. The MSPB sustained Mr. MacLean's removal, finding that his disclosure was prohibited by law and therefore could not constitute protected whistleblowing. This court disagreed. We vacated the MSPB's decision and remanded for a determination whether Mr. MacLean's disclosure qualified for protection under the Whistleblower Protection Act.

The Government petitioned for writ of certiorari. The Supreme Court granted certiorari and affirmed our judgment.

On remand, the MSPB ordered DHS to restore Mr. MacLean to his employment position as of April 11, 2006, to award him back pay and interest, and to provide him appropriate consequential relief. *MacLean v. Dep't of Homeland Sec.*, 2017 MSPB LEXIS 3176, at *11–13 (M.S.P.B. July 18, 2017) (initial decision).[1]

---

[1] The MSPB's initial decision entered on July 18, 2017, became final on August 22, 2017. Pet'r's Br. 1; J.A. 33.

After DHS restored Mr. MacLean to his position as a FAM, Mr. MacLean filed a Petition for Enforcement before the MSPB on March 6, 2016, alleging, inter alia, that (1) DHS owes him $104,975.05 in consequential damages (medical and dental expenses in particular); (2) DHS failed to restore him to the position he would have held absent the retaliation by refusing to promote him; and (3) the MSPB should grant him a fact-finding hearing to support his request for promotion and consequential damages. *MacLean*, 2017 MSPB LEXIS 3176, at *13–14.

On July 18, 2017, the MSPB denied Mr. MacLean's Petition for Enforcement. *Id.* at *57. As to Mr. MacLean's request for medical and dental expenses, the MSPB ordered Mr. MacLean to timely file evidence to support his claim for consequential damages. J.A. 1074. In response, Mr. MacLean filed a declaration identifying his healthcare expenses. J.A. 1613, 1618. Because Mr. MacLean failed to provide documentation, such as receipts or doctors' notes, that disclosed the amount, nature, and extent of his medical and dental expenses, the MSPB declined to grant his request for consequential damages. *See MacLean*, 2017 MSPB LEXIS 3176, at *37. On the promotion request, the MSPB determined that in view of *Oates v. Department of Health & Human Services*, 64 M.S.P.R. 349, 351 (1994), reinstated employees are not entitled to restoration to a better position and that FAMs do not advance within the agency as a matter of course— that is, promotions to supervisory positions are competitive. *MacLean*, 2017 MSPB LEXIS 3176 at *48. Further, the MSPB found that over half of the FAMs did not advance past Mr. MacLean's current level, and that none within Mr. MacLean's original office were promoted. *Id.* On the request for hearing, the MSPB determined that the "compliance issues raised by the appellant did not require a hearing to resolve based on the opportunities for the parties to submit an extensive amount of information into the record." *Id.* at *21.

Mr. MacLean appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Mr. MacLean makes three main arguments challenging the MSPB's final decision. He argues that the MSPB: (1) erred as a matter of law in requiring a standard of proof higher than preponderance of the evidence for showing entitlement to medical and dental expenses, Pet'r's Br. 13–14; (2) erred as a matter of law in determining that reinstated whistleblowers do not have a right to promotions that are competitive and not automatic, *see id.* at 13; and (3) abused its discretion in not affording him a fact-finding hearing, *id.* at 14. We address each argument below.

A

Mr. MacLean argues that the MSPB erred by requiring him to show with reasonable certainty that he is entitled to consequential damages for his medical and dental expenses. *Id.* at 13. The MSPB determined that "in order to recover, [Mr. MacLean] would need to provide documentation as to the amount and nature of the expense." *MacLean*, 2017 MSPB LEXIS 3176, at *37. The MSPB then ordered Mr. MacLean to file records evidencing or corroborating his health care expenses. J.A. 1071 (Nov. 30, 2016 Order). Not only did Mr. MacLean fail to comply with the MSPB's Order by submitting a declaration identifying his health care expenses rather than documentation (such as receipts) to support his claim for reimbursement, J.A. 1613, 1618, he also did not provide the MSPB with any explanation as to why he failed to file the requested documentation. The MSPB, therefore, denied his claim for medical and dental expenses. *See MacLean*, 2017 MSPB LEXIS 3176, at *37. We agree with that decision.

Consequential damage awards under 5 U.S.C. § 1221(g)(1)(A)(ii) are designed to allow for reimbursement of only actual monetary losses or out-of-pocket costs. *See Bohac v. Dep't of Agric.*, 239 F.3d 1334, 1342 (Fed. Cir. 2001). The MSPB's order for receipts or doctors' notes to substantiate Mr. MacLean's claim for health care costs was not unreasonable.[2] We will not disturb the MSPB's denial in the absence of this record evidence.[3]

B

Next, Mr. MacLean argues that the MSPB erred as a matter of law in denying his request for a retroactive promotion. Pet'r's Br. 23–26. The MSPB determined that Mr. MacLean failed to meet his burden to demonstrate that he was entitled to such promotion. *See MacLean*, 2017 MSPB LEXIS 3176, at *49–50. According to the MSPB, the evidence shows that FAMs do not advance to supervisory positions as a matter of course and that

---

[2] Although Mr. MacLean argued in his briefing that the MSPB erred in imposing a requirement to produce medical receipts or notes for recovery of consequential damages, Pet'r's Br. 13–14, he conceded at oral argument that there was nothing unreasonable about the Government's request for receipts, *see* Oral Arg. at 1:35–44, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2017-1068.mp3 (Q: "What is unreasonable or unusual about the Government's position?" A: "Well, there's nothing unreasonable about the Government wanting receipts . . . .").

[3] We do not address Mr. MacLean's argument that the standard of proof for entitlement to consequential damages should be preponderance of the evidence instead of reasonable certainty because we view his uncorroborated declaration—the only evidence he submitted in support of his claim for consequential damages—as insufficient even under the preponderance standard.

promotions to supervisory FAM positions are competitive. *Id.*

As Mr. MacLean acknowledges, "[t]he law is well established that 'if the employee could clearly establish that he would in fact have been promoted,' then the agency would 'be required to reinstate him at that higher level.'" Pet'r's Br. 23 (citing *Boese v. Dep't of the Air Force*, 784 F.2d 388, 390 (Fed. Cir. 1986)). Indeed, Mr. MacLean does not challenge the MSPB's decision as to factual issues. *See* Pet'r's Reply Br. 1. Rather, he asserts that, as a *legal* matter, this court should reject and overrule its precedent requiring reinstated whistleblowers to "clearly establish" an entitlement to promotion.[4] Pet'r's Br. 23 n.1. In Mr. MacLean's view, a reinstated whistleblower should only need to demonstrate that it is more likely than not that he would have been promoted had he not been wrongfully removed. *See id.*

This panel, however, does not have the authority to grant Mr. MacLean the relief that he desires. A panel cannot simply overrule its precedent. *George E. Warren Corp. v. United States*, 341 F.3d 1348, 1351–52 (Fed. Cir.

---

[4] *See, e.g.*, *Boese*, 784 F.2d at 390 ("Only if some provision of law mandates a promotion during the interim period, or perhaps if the employee could 'clearly establish' that he would in fact have been promoted, would the agency be required to reinstate him at that higher level."); *Naekel v. Dep't of Transp.*, 850 F.2d 682, 684 (Fed. Cir. 1988) (noting that "[retroactive] promotion . . . [is] inappropriate if the employee would have been only one of several qualified candidates for the promotion, but the factual record did not clearly establish that the employee would have been selected for promotion").

2003).  To overrule a precedent, the court must rule en banc.  *Id.*[5]

## C

Finally, Mr. MacLean argues that the MSPB abused its discretion by refusing to convene an evidentiary hearing.  Pet'r's Br. 26.  Although Mr. MacLean acknowledges that he is not entitled to an evidentiary hearing on his Petition for Enforcement, Pet'r's Reply Br. 11, he argues that such a hearing was "necessary to resolve matters at issue," *see* Pet'r's Br. 14; 5 C.F.R. § 1201.183(a)(3) ("The judge may convene a hearing if one is necessary to resolve matters at issue.").  Specifically, Mr. MacLean avers that the MSPB failed to discern "the reasons why some were promoted and some were not" or "any basis to find that [Mr. MacLean] would not have been among the promoted group."  Pet'r's Reply Br. 11.

The MSPB did not abuse its discretion in denying Mr. MacLean's request for an evidentiary hearing.  As an initial matter, our precedent places the burden on Mr. MacLean to show that he would have been promoted and not on the MSPB to show that he would not have been.  *See Boese*, 784 F.2d at 390.  Further, the MSPB gave the parties ample opportunity to submit substantial information into the record, *see, e.g.*, J.A. 1073–74, and reasonably determined that the compliance issues that Mr. MacLean raised could be resolved by the existing record evidence.

## CONCLUSION

We have considered Mr. MacLean's remaining argu-

---

[5]  Petitioner acknowledged at oral argument that the relief he requests requires en banc consideration.  *See* Oral Arg. at 10:55–11:20, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2017-1068.mp3.

ments and find them unpersuasive. For the foregoing reasons, the MSPB's final decision denying Mr. Mac-Lean's Petition for Enforcement and his request for an evidentiary hearing is affirmed.

## AFFIRMED

### COSTS

The parties shall bear their own costs.